Citation Nr: 1448545 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 07-36 131 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD), major depressive disorder, mood disorder not otherwise specified (NOS), and bipolar II disorder.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

L. Zobrist, Associate Counsel



INTRODUCTION

The Veteran served on active duty from May 1978 to July 1988. Her period of service from May 11, 1978 to June 10, 1984, has been deemed honorable; however, her period of service from June 11, 1984, to July 29, 1988, has been determined to be under other than honorable conditions. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2007 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio. The claim is now in the jurisdiction of the Waco, Texas, RO.

This matter was previously before Acting Veterans Law Judges (VLJs) in June 2009, September 2010, and February 2013, and another VLJ in April 2014; each time the matter was remanded for additional development. The matter has now been reassigned to the undersigned for the purpose of this decision.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The medical evidence of record reflects that the Veteran has received several different psychiatric diagnoses. [The Veteran's initial claim for service connection for PTSD was previously recharacterized, in accordance with the holding in Clemons v. Shinseki, 23 Vet. App. 1 (2009), to include the other psychiatric diagnoses of record.] 

The Veteran has been afforded two VA psychiatric examinations over the course of this appeal. The December 2009 VA examiner diagnosed the Veteran (for the first time) with bipolar disorder, which he opined was due to a genetic predisposition and implied (but did not explicitly state) that such disability was aggravated during service. In a March 2010 addendum, the December 2009 examiner stated that he was not able to opine more specifically as to the etiology of the Veteran's bipolar disorder as it related to her period of honorable service. 

The Veteran received a second VA psychiatric examination in June 2014. The June 2014 examiner identified a diagnosis of bipolar disorder, to which he attributed specific symptoms ("sleep issues.") However, in his rationale, the June 2014 examiner stated that the Veteran's reported symptoms did not meet the criteria for bipolar disorder. 

The December 2009 VA examination is inconclusive as to whether the Veteran has an acquired psychiatric disability that is related to an honorable period of service, and the June 2014 examination report appears to be internally inconsistent. Furthermore, the Board notes that neither VA examination addressed the conflict between the bipolar diagnosis provided by the VA examiners and the other diagnoses provided by the Veteran's VA treatment providers. Thus, the Board finds that neither examination report is adequate to decide the claim on appeal. Consequently, the Board finds that remand is required to obtain an adequate psychiatric examination to determine whether the Veteran has (or during the pendency of this claim has had) a psychiatric disability related to her honorable period of active service. 

Additionally, in a May 2014 statement, the Veteran indicated that her VA treatment records in the record were incomplete. As any outstanding records of pertinent VA treatment are constructively of record, they must be obtained on remand.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should specifically secure any and all medical records (not already in the record) of VA evaluations and/or treatment the Veteran has received for her psychiatric disability/disabilities. 

2. Thereafter, arrange for a psychiatric examination of the Veteran to ascertain the nature and likely etiology of her psychiatric disability/disabilities and in particular whether it/any was/were caused or aggravated by her honorable period of military service. The Veteran's claims file (to include this remand and all development sought above) must be reviewed by the examiner in conjunction with the examination.

The examiner should provide an opinion that responds to the following:

(a) Please identify (by medical diagnosis) each acquired psychiatric disability found.

(b) Does the Veteran have a diagnosis of PTSD based on a personal assault in service? Please discuss the stressor and symptoms that support any diagnosis of PTSD. If PTSD is not diagnosed, indicate clearly what symptom(s) needed for such diagnosis is/are lacking.

(c) Is any current psychiatric disability (to include any disability present during the pendency of this claim (April 2006 to the present)) at least as likely as not (a 50 percent or greater probability) caused or aggravated by the Veteran's honorable period of active service (May 11, 1978 to June 10, 1984)? [The examiner is advised that VA benefits cannot be granted for the period of dishonorable service from June 11, 1984, to July 29, 1988 and should treat this time as a period of non-service.]

(d) Did any current psychiatric disability (to include any disability present during the pendency of this claim) clearly and unmistakably (i.e., undebatably) exist prior to the Veteran's period of honorable service? 

(e) If it is clear and unmistakable that the Veteran had a psychiatric disability prior to entering service in May 1978, is it at least as likely as not (i.e., is it 50 percent or more probable) that the pre-existing disability underwent a permanent (as opposed to temporary) increase in severity during the Veteran's period of active service from May 11, 1978 to June 10, 1984? 

(f) If it is clear and unmistakable that the Veteran had a psychiatric disability prior to entering active service in May 1978, and it is at least as likely as not that the pre-existing disability underwent a permanent increase in severity during the Veteran's period of active service from May 1978 to June 1984, is it clear and unmistakable that the increase in severity during that period of service was due to the natural progress of the disease?

The examiner should comment on any conflicting diagnoses provided in the record, to include those diagnoses provided by prior VA examiners and the Veteran's VA treatment providers. Additionally, if a diagnosed psychiatric disability is due to more than one cause, one of which is more likely than not related to service, the examiner should specify whether the effects of any in-service injury can be separated from the effects of any postservice injuries. The examiner must explain the rationale for all opinions in detail, citing to supporting clinical data and/or medical literature, as appropriate.

3. The AOJ should then review the record and readjudicate the claim. If the benefit sought remains denied, the AOJ should issue an appropriate supplemental statement of the case and afford the Veteran and her representative the opportunity to respond. The case should then be returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).